FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 5 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALTHA REAVES, PERSONAL REPRESENTATIVE
OF THE ESTATE OF WILLETTA REAVES AND
NEXT FRIEND OF GRACE BIZZELL, A MINOR
AND MAYONNA BIZZELL                                              PLAINTIFFS

VS.                         Case No. 4:16cv376-JLH

TRANSPORT CORPORATION OF AMERICA,
INC., AND JIMMIE MARTIN "MARTY"
HARPER, JR.                                                      DEFENDANTS

### NOTICE OF REMOVAL

TO:  Kevin Kelley                      This case assigned to District Judge __Holmes__
     The Kelley Law Firm               and to Magistrate Judge __Ray__
     2614 Main Street
     Dallas, TX 75226

Please take notice that the captioned case filed as Case No. 60CV-16-3012 in the Circuit Court of Pulaski County, Arkansas has been hereby removed to the United States District Court for the Eastern District of Arkansas, Western Division. Separate Defendant Transport Corporation of America, Inc. ("Transport America") files this Notice of Removal and state, as grounds for removal, the following:

1. This action was commenced by the filing of a Summons and Complaint in the Circuit Court of Pulaski County, Arkansas on June 3, 2016, and was assigned case number 6-CV-3012. A copy of the Complaint and all pleadings currently on file with the Pulaski County, Arkansas, Circuit Court are attached as Exhibit "A" to the Notice of Removal.

2. Plaintiff Althea Reaves, Personal Representative of the Estate of Willetta Reaves, has alleged that Willetta Reaves was a resident of the State of Arkansas. (Exhibit "A," Complaint.)

3. Defendant Transport America is a corporation which is neither incorporated in nor has its principal place of business in the State of Arkansas. Defendant Jimmie Martin "Marty" Harper, Jr. is, upon information and belief, a citizen and resident of the State of Alabama.

4. This is a civil action in which plaintiff seeks compensatory in an amount in excess of that required for federal diversity jurisdiction. (Exhibit "A", Complaint.)

5. Therefore, this action is one over which a federal district court has original jurisdiction because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and this case is removable under 28 U.S.C. § 1441(a) under the procedures set forth in 28 U.S.C. § 1446.

6. Defendant has given written notice of this removal by filing copies of this Notice of Removal with the Circuit Clerk of Pulaski County, Arkansas, and by mailing copies of this Notice of Removal to Plaintiffs' attorney.

7. No admission of fact, law or liability is intended by the filing of this notice, and all defenses, motions and pleas are expressly reserved.

WHEREFORE, Separate Defendant Transport Corporation of America, Inc. gives notice that this case has been removed from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division.

Respectfully submitted,

MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Center
400 W. Capitol Avenue
Little Rock, Arkansas 72201
(501) 374-6535 PH/ (501) 374-5906 FX
Kara.mikles@mrmblaw.com
Bruce.munson@mrmblaw.com

BY: _____
KARA B. MIKLES, AR BAR #2003088
BRUCE MUNSON, AR BAR #78118

## CERTIFICATE OF SERVICE

I state that on this 15th day of June, 2016, a true and correct copy of the foregoing pleading was mailed to the following:

Kevin Kelley
The Kelley Law Firm
2614 Main Street
Dallas, TX 75226
kelley@kwlawyers.com

_____
KARA B. MIKLES

- 3 -

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jun-03 11:34:39
60CV-16-3012
C06D06 : 11 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| ALTHA REAVES, PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLETTA REAVES AND NEXT FRIEND OF GRACE BIZZELL, A MINOR, and MAYONNA BIZZELL, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSPORT CORPORATION OF AMERICA, INC., and JIMMIE MARTIN "MARTY" HARPER, JR., <br><br> Defendants. | CASE NO: _____ |

## ORIGINAL COMPLAINT FOR DAMAGES AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs ALTHA REAVES, as both the duly appointed Personal Representative of the Estate of Willetta Reaves and as next friend of minor child Grace Bizzell, and MAYONNA BIZZELL ("Plaintiffs") respectfully file this original complaint seeking recovery to the full extent applicable by law under the Arkansas Wrongful Death and Survival Statutes, Ark. Code Ann. § 16-62-102 and Ark. Code Ann. § 16-62-101, against Defendants TRANSPORT CORPORATION OF AMERICA, INC. and JIMMIE MARTIN "MARTY" HARPER, JR. ("Defendants").

Plaintiffs complain of the various acts listed below and for the wrongful death causes of action, and show this honorable Court and Jury as follows:



## I.   PARTIES

1. Plaintiffs bring this action on behalf of the deceased, Willetta Reaves (hereinafter referred to as "Decedent"), a resident of the State of Arkansas. Altha Reaves was Decedent's mother, and Mayonna and Grace Bizzell were Decedent's daughters.

2. Jimmie Martin "Marty" Harper, Jr. (hereinafter referred to as "Defendant Harper") was the driver of a tractor-trailer involved in the traffic collision that caused the death of Decedent. He may be served at his address of 1045 County Road 502, Valley, Alabama, 36854-8109, or wherever he may be found.

3. Transport Corporation of America, Inc. (hereinafter referred to as "Transport America") is a full-service transportation company based in Eagan, Minnesota employing just over 1,800 people and running a fleet of over 2,000 tractors and nearly 6,000 trailers. This corporation may be served through its registered agent, National Registered Agents, Inc. of Arkansas, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Upon information and belief, Transport America is the employer of Defendant Harper and owner of the tractor-trailer driven by Defendant Harper.

## II.   JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiffs and Defendants.

6. This Court has jurisdiction over Defendants because Defendants have availed themselves to the laws of this state as they are licensed to do business in Arkansas. Plaintiff will, therefore, show that Defendants engaged in activities constituting business in Arkansas.

7. Venue is also proper pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this action occurred in Pulaski County, Arkansas.

### III.   FACTS

8. On May 15, 2016, at approximately 11:40P.M., Decedent was driving east on Interstate-40 ("I-40") in Pulaski County, Arkansas when she was violently rear-ended by a tractor-trailer driven by Defendant Harper. Defendant Harper's tractor-trailer struck Decedent's vehicle with such velocity and force that it caused both vehicles to flip over. The collision resulted in the Decedent's death. At the time of the crash, Defendant Harper was driving for his employer, Transport America.

9. The collision is currently being investigated by Corporal Lecury McCray of the Arkansas State Police, Pulaski County, Troop A. A copy of Corporal McCray's investigation report is forthcoming.

### IV.   NEGLIGENCE

10. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

11. Defendants had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

   a. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

     b.  Failing to apply brakes to their vehicle in a timely manner to avoid the collision in question.

     c.  Failing to apply the brakes to their vehicle to avoid the collision in question.

     d.  Driving their vehicle at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

     e.  Failing to avoid the collision in question.

     g.  Failing to control speed.

     h.  Failing to be properly attentive.

     i.  Failing to take proper evasive action.

13.    Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## V.    RES IPSA LOQUITUR

14.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein. Additionally, and in the alternative, Defendants are liable to Plaintiffs for the damages resulting from the wrongful death of Willetta Reaves under the theory of *res ipsa loquitur*. Decedent's death was caused by an instrumentality within the exclusive control, management and supervision of Defendants and their agents, servants, and employees.

15.    Plaintiffs would further show that an occurrence such as this does not ordinarily happen unless the persons or entities in control fail to exercise that degree of ordinary care to which Plaintiffs and Decedent were entitled to expect. This raises a legal

inference that the Defendants, through their agents, servants, or employees, failed to exercise ordinary care under the circumstances, entitling the jury to conclude that Defendants and their agents, servants, or employees were, in fact, negligent, and Plaintiffs therefore rely upon the legal doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself."

16. Further, Defendants should be required to come forward, and try to disprove, if they can, their failure to exercise ordinary care herein. All of the foregoing conduct, both of omission and commission, on the part of Defendants, constituted proximate causes of the injuries and damages to Plaintiffs herein, for which Defendants are jointly and severally liable.

### VI.  NEGLIGENT ENTRUSTMENT

17. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

18. On the date of the incident in dispute, Transport America was the owner and/or operator of the vehicle driven by Defendant Harper. Transport America entrusted the vehicle to Harper, a reckless and incompetent driver. Transport America knew, or through the exercise of reasonable care should have known, that Defendant Harper was a reckless and incompetent driver, or unlicensed in the United States. As described herein, Defendant Harper was negligent on the occasion in question. Further, Defendant Harper's negligence was the proximate cause of Plaintiffs' damages.

19. Transport America knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and

highways of Arkansas, in that Transport America's employee was incompetent at the time of the entrustment as alleged above.

## VII.   WRONGFUL DEATH

20.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

21.    Pursuant to Ark. Code Ann. § 16-62-102, Plaintiffs are entitled to recover from Defendants the actual damages attributable to the wrongful death of Decedent. Plaintiffs are also entitled to recover mental anguish damages. Further, because Defendants' acts and omissions resulted from gross negligence, exemplary damages should be awarded against Defendants in an amount to be determined by the jury in this case.

## VIII.   SURVIVAL

22.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

23.    Pursuant to Ark. Code Ann. § 16-62-102, this action for the injuries sustained by Decedent survives her death. This statute permits Plaintiffs to prosecute and recover compensatory and exemplary damages for the claims set forth above. Accordingly, Plaintiffs seek such damages under Ark. Code Ann § 16-62-102.

## IX.   GROSS NEGLIGENCE

24.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

25.    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

26. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

## X.     VICARIOUS LIABILITY

27. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

28. On the date of the incident in dispute, Transport America was the owner of the vehicle driven by Defendant Harper.

29. On the date of the incident in dispute, an employer-employee relationship existed between Transport America and Defendant Harper.

30. At the time of the accident, Defendant Harper operated within the scope of his employment with Transport America and committed his tortious acts within said scope.

31. Transport America is, therefore, vicariously liable under the doctrine of *respondeat superior*.

## XI.     DAMAGES

32. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered substantial damages, including the following:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Pulaski County, Arkansas;

  b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  c. Physical pain and suffering in the past;

  d. Physical pain and suffering in the future;

  e. Physical impairment in the past;

  f. Loss of future earning capacity;

  g. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

  h. Loss of Consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

  i. Loss of Parental Consortium in the past, including damages to the parent child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

  j. Loss of Household Services in the past;

  k. Loss of Household Services in the future;

  l. Mental anguish in the past;

  m. Mental anguish in the future.

34. To limit what a jury can ultimately award to Plaintiffs, it is anticipated Defendants will file a motion with the court demanding that Plaintiff amend their pleading and state an absolute maximum amount of damages sought in this case, even though Plaintiffs believe that such an act impermissibly invades the province of the jury

and that in making this demand, Defendants' pleading suggests that jurors are unable to carry out their constitutional duty to decide this case based upon the facts and arrive at a full and fair measure of damages suffered by Plaintiffs.

35. Plaintiffs will intermediately comply with Defendants' likely demand so that no unwarranted restrictions are placed on the jury's ability to fairly decide the case. In light of the recent trend of juries to award high compensatory damages in cases of this nature (not even considering the element of punitive damages), Plaintiffs plead, in anticipated response to Defendants' demand, that actual damages do not exceed $20,000,000.00.

36. Furthermore, the law affords an award of punitive damages as the sole vehicle for the civil punishment of a company. In other words, in this context, the law recognizes that it is impossible to put a company in jail; consequently, the law provides punitive damages to punish a company in certain situations. In this regard, Plaintiffs acknowledge it is the jury's responsibility to take part in the process by which corporations may be punished, and that in doing so, the jury is called upon to consider not only the egregious nature of Defendants' conduct, but the effect which an award of punitive damages will likely have upon these particular Defendants.

37. Plaintiffs plead the maximum amount of punitive damages allowed by law. Plaintiffs plead this amount due to the egregious nature of Defendants' conduct, Defendants' willful disregard for the life of the Decedent, and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially significant damages will have a negative economic effect on Defendants' business which would, in turn, have the positive effect of deterring Defendants and others like

Defendants from operating their financially successful business at the expense of the lives of others.

38. Furthermore, because Defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, Plaintiffs are entitled to an award of punitive damages.

## XII. JURY DEMAND

39. Plaintiffs demand that all issues of fact in this case be tried to a properly-impaneled jury.

## XIII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and exemplary damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**THE KELLEY LAW FIRM**

Kevin Kelley
Ark. Bar No. 2010089
2614 Main St.
Dallas, Texas 75226
(972) 850-0500
(972) 850-0400 (fax)
kelley@kwlawyers.com

**ATTORNEYS FOR PLAINTIFF**