IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALTHA REAVES, Personal Representative                                         PLAINTIFFS
of the Estate of Willetta Reaves and
next of friend of Grace Bizzell, a minor;
and MAYONNA BIZZELL

v.                                        No. 4:16CV376 JLH

TRANSPORT CORPORATION OF
AMERICA, INC.; and JIMMIE MARTIN
"MARTY" HARPER, JR.                                                           DEFENDANTS

## OPINION AND ORDER

Altha Reaves, personal representative of the Estate of Willetta Reaves and next friend of Grace Bizzell, a minor, and Mayonna Bizzell brought this action in the Circuit Court of Pulaski County, Arkansas against Transport Corporation of America, Inc., and Jimmie Martin "Marty" Harper, Jr. The suit arises out of a collision between a tractor-trailer, owned by Transport Corporation of America, and driven by Harper, with a vehicle driven by Willetta Reaves. The tractor-trailer rear-ended Willetta Reaves' car and she died as a result. Transport Corporation of America removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332. The parties do not dispute that complete diversity exists and that the amount in controversy meets the requirements.[1] However, Reaves and Bizzell have filed a motion to remand arguing that Harper has not joined the motion to remove and Transport Corporation of America should have stated why Harper did not join in the motion to remove. Although Harper was not served, Reaves and Bizzell

---

[1] The notice of removal does not address the citizenship of Altha Reaves, Grace Bizzell, or Mayonna Bizzell. Instead the notice of removal and attached complaint state that Willetta Reaves, the deceased, was a resident of Arkansas. All parties appear to assume that Grace Bizzell and Mayonna Bizzell were residents of Arkansas, like their mother. Transport Corporation of America is based in Minnesota and is neither incorporated nor has its principal place of business in Arkansas. Harper is a citizen and resident of the State of Alabama. For the purposes of this order, complete diversity exists. The plaintiffs seek actual damages not to exceed $20,000,000.00, which is more than $75,000.

argue that failure to state why Harper did not join the motion requires the case to be remanded. For the following reasons the motion to remand is denied.

A case may be removed from state court to federal court under 28 U.S.C. § 1441(a) where the district courts of the United States have original jurisdiction. The defendant desiring to remove the action must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders." 28 U.S.C. § 1446(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A).

Transport Corporation of America filed a notice of removal and Harper did not join. Document #5-1. The notice of removal does not state the reason why Harper did not join in removal. Where several defendants are jointly sued in a state court, the suit cannot be removed to federal court unless all the defendants join the removal. *Wright v. Missouri Pac. R. Co.*, 98 F.2d 34, 35 (8th Cir. 1938). The general rule is "that a non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons." *Id.* at 35-36. The plaintiffs argue that although this is true, Transport Corporation of America must state that Harper did not join the removal because he was not served and without this statement the case must be remanded.

In *Wright v. Missouri Pac. R. Co.* the plaintiff presented evidence to the district court that the non-joining defendant actually had been served and the failure to file the return of service was inadvertent. 98 F.2d at 36. The court remanded the case because it "conclud[ed] that the record before the district court was insufficient to sustain the federal jurisdiction." *Id.* It also stated:

> The situation before us has come about partly because the plaintiff's attorney has kept the alleged summons and return without filing it, and partly because the railroad company and the trustee failed to allege in the petition for removal the ground on

2

which they claimed the joinder of Stacey Edwards to be unnecessary. *Id.* The Eighth Circuit did not remand the case because the defendant failed to explain it believed the other defendant had not been served, the case was remanded because evidence was presented that the other defendant had been served.

In *McMahan v. Fontenot* the nonremoving defendant was served the summons on the same day that the removing defendant was served, but the removing defendant did not disclose why the other defendant did not join the petition. 212 F. Supp. 812, 814 (W.D. Ark. Jan. 10, 1963). The court held that the case must be remanded because the nonremoving defendant was served and the motion to remove could not be amended. *Id.* at 814-15. Likewise, in *Heckleman v. Yellow Cab Transit Co.*, the court held that "[t]he petition to remove is fatally defective in that it failed to include any reason for not including [the nonremoving defendant] and the record discloses no such reason." 45 F. Supp. 984, 985 (E.D. Ill. Aug. 11, 1942). The nonremoving defendant was served two days before the removing defendant filed its petition. *Id.* at 985. All of the non-joining defendants in these cases were actually served.

In this case, the petition to remove does not contain a reason why Harper did not join the petition. However, unlike the other cases, the parties do not dispute that Harper was not served. The record before this Court is sufficient to uphold federal jurisdiction because Harper was not served.

## CONCLUSION

For the foregoing reasons, the motion to remand is DENIED. Document #5.

IT IS SO ORDERED this 4th day of August, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE